**Travis Roy ERWIN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 27114
Summary Calendar.

United States Court of Appeals
Fifth Circuit.
July 30, 1969.

Joseph S. Horrigan, Houston, Tex., (Court-appointed) for appellant.

Travis Roy Erwin, pro se.

Ted Butler, U. S. Atty., Reese L. Harrison, Jr., Jeremiah Handy, Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ The District Court overruled the motion of the appellant, Travis Erwin, seeking to vacate a sentence pursuant to Title 28, § 2255, United States Code. We have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place it on the Summary Calendar and to notify the parties in writing; Rule 18, of the Rules of this Court; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

■ Throughout the prosecution now under consideration Erwin was represented by counsel of his own retention. The same attorney had represented him in the defense of two burglaries for which he had been convicted in state court and on which he had been sentenced to sixteen years. The same attorney had represented him successfully in another federal bank burglary charge.

On April 5, 1967, Erwin, along with two co-defendants was indicted by a federal grand jury for burglary of and larceny from the First State Bank of Jarrell, Texas, a federally insured bank. On May 4, he was arraigned and pleaded not guilty. On May 14, the case went to trial as to all defendants, each represented by individual counsel.

On the second day of the trial, one Richard Hinton, a companion in the bank burglary, took the witness stand for the government. He told in vivid detail how Erwin and the others had planned and accomplished the burglary and carried away its fruits. He was vigorously cross examined by all three attorneys. We have read the transcript of this testimony, which had been filed as a part of the record on this appeal. Hinton's testimony cannot be appraised as anything but a major disaster for the defense. Faced with this development, Erwin, upon advice of counsel, withdrew his plea of not guilty and entered a plea of guilty to two counts. He was sentenced to serve three years and seven years, consecutively. The third count was dismissed.

Ineffective assistance of counsel is the sole ground asserted for § 2255 relief. While Erwin tried to support this claim with vague, indefinite, and conclusory testimony at the § 2255 hearing, the reading of the record convinces us beyond cavil that the allegation is illusory at the best.

Indeed, had the trial proceeded and had Erwin been convicted on all counts, an outcome which appears from this record to have been inevitable, and had he received a far more severe sentence, which would have been likely, he would have, from his standpoint, had far more room to be unhappy with his lawyer.

The Judgment denying relief is Affirmed.